UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-P146-GNS

ANTHONY W. SHELTON                                                                          PLAINTIFF

v.

CHRISTIAN COUNTY JAIL et al.                                                             DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Anthony W. Shelton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Christian County Jail (CCJ), names as Defendants the CCJ, CCJ Jailer Brad Boyd, and Deputy Jailer Steve Howard. He complains that Defendant Boyd has violated Kentucky Department of Corrections grievance procedures by not providing the proper grievance forms and not providing an impartial grievance committee. He also complains about overcrowded conditions; insufficient caloric intake; and the denial of the opportunity to earn good-time credits. He requests injunctive relief.

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Grievance-procedure claim*

Plaintiff's claims that the CCJ violated Department of Corrections grievance procedures by not providing the proper forms and not providing an impartial grievance committee fail to state a constitutional violation. An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cnty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Because Plaintiff has no right to an effective grievance procedure, *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991), a failure to follow the

grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claim relating to the lack of adequate grievance procedures must be dismissed.

### *Overcrowding claim*

Plaintiff alleges that, due to overcrowding, inmates sleep and eat on the floors and that "overcrowding at the housing area has caused health problems an[d] inadequate safety structure and a hostile environment." Overcrowding in a prison is not itself a violation of the constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id*. at 348. Plaintiff's allegations that inmates must eat and sleep on the floor are not deprivations of the minimal civilized measure of life's necessities. Further, Plaintiff's allegations that overcrowding has caused health problems, inadequate safety, and a hostile environment are entirely conclusory and, therefore, "insufficient to state a claim." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### *Claim regarding caloric intake*

Plaintiff claims that inmates at CCJ receive 1200-1500 calories per day rather than the 2400 calories per day mandated by state regulations. Plaintiff, however, alleges no deleterious effect of this reduced-calorie diet, not even weight loss. The Court finds that Plaintiff has not stated a claim with regard to the prison diet. *Cf. Ward v. Gooch*, No. 5:07-CV-389-JMH, 2010 WL 4608292, at *7 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10 month period and received 200-700 calories a day for almost a year was sufficient to raise genuine issue

of material fact); *but see Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that, without evidence of serious harm, a 45-pound weight loss not a constitutional claim).

*Claim regarding good-time credits*

Plaintiff complains that he, a state inmate, is denied the opportunity to work and, therefore, earn good-time credits. However, "[a] Kentucky inmate 'possesses no inherent constitutional right . . . to accumulate good time credits.'" *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). As such, Plaintiff cannot maintain a § 1983 claim for lack of an opportunity to earn good-time credits, and this claim will be dismissed by separate Order.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date: January 14, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Christian County Attorney
4416.009